UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**Frederick Fortin**

    **v.**                                     Case No. 12-cv-315-PB
                                                          Opinion No. 2013 DNH 141

**Town of Hampton, et al.**


**O R D E R**

    Frederick Fortin has filed a complaint against three Hampton police officers and the Town of Hampton.  He asserts claims against the officers for false arrest in violation of his Fourth Amendment rights (Count I), retaliation in violation of his First Amendment rights (Count II), state law false arrest and false imprisonment (Count III), state law assault and battery (Count IV), and excessive force in violation of his Fourth Amendment rights (Count V).  He also contends that the Town is vicariously liable for the individual defendants' state torts (Count VI).  Finally, he includes separate claims for enhanced damages (Count VII) and punitive damages (Count VIII). In general, Fortin's claims are based either on his arrest, which he claims was unlawful because it was not supported by probable cause ("Arrest Claims"), or the excessive force he

claims defendants used to effect the arrest ("Excessive Force Claims").

Defendants present two arguments in support of their motion for summary judgment. First, they challenge the Arrest Claims by arguing that they are barred by Heck v. Humphrey, 512 U.S. 477, 487 (1994) because Fortin pleaded guilty to disorderly conduct based on the actions that led to his arrest.[1] Second, defendants argue that the Excessive Force Claims fail because Fortin has failed to identify any of the officers who assaulted him.

Fortin does not contest defendants' reliance on Heck with respect to any of the Arrest Claims except the retaliation claim. He argues that the retaliation claim is valid even if he committed the crime that resulted in his arrest because the evidence supports his contention that the arrest, even if otherwise lawful, would not have occurred but for the officers' retaliatory motivation. I am unpersuaded by Fortin's argument with respect to the retaliation claim because he has failed to

---

[1] Heck does not apply to state law claims but the state law Arrest Claims are barred by the conviction under the doctrine of collateral estoppel. See, e.g., Aubert v. Aubert, 129 N.H. 422, 428 (1987).

2

point to sufficient evidence, even when the evidence is construed in his favor, to support his claim that an otherwise lawful arrest would not have occurred but for the officers' retaliatory motivation.  Accordingly, I grant defendants' motion for summary judgment with respect to all of the Arrest Claims (Counts I, II, and III).

    Fortin responds to defendants' challenge to the Excessive Force Claims by arguing that the evidence supports a conclusion that it was Officers Tousignant and Turcotte who assaulted him. I agree that the evidence on this point is minimally sufficient to support Fortin's claims against Tousignant and Turcotte. Fortin asserts that he posed no threat to the officers and did not resist their effort to detain him.  His account also supports his claim that the officers who arrested him used unnecessary force.  Defendants Tousignant and Turcotte admit that they were the officers who effected the arrest.  Given the standard of review that applies at summary judgment, the above-described evidence is sufficient to support viable Excessive Force Claims against Tousignant and Turcotte.  No evidence has been presented, however, to support a claim against defendant Galvin.  Accordingly, the motion is denied with respect to the

Excessive Force Claims (Counts IV and V) against Tousignant and Turcotte and granted with respect to the same claims against Galvin.[2]

The motion for summary judgment (Doc. No. 11) is granted in part and denied in part. The only claims that remain viable are Counts IV and V against Tousignant and Turcotte, Count VI against the Town, and Counts VII and VIII against Tousignant, Turcotte, and the Town.

SO ORDERED.

                                                      Paul Barbadoro
                                                     United States District Judge

October 24, 2013

cc:   Kenneth D. Murphy, Esq.
       Brian J.S. Cullen, Esq.

---

[2] I do not consider whether any of the remaining defendants are entitled to summary judgment based on qualified immunity because defendants did not adequately brief a qualified immunity claim. Nor do I address Counts VI, VII, and VIII, because defendants did not challenge these counts.